UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DUY T. MAI,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | C24-1102 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The Government has argued that the Court should dismiss Plaintiff Duy Mai's claim because the firearm restoration process under 18 U.S.C. § 925(c) has been revived and Plaintiff should seek relief through that process instead of contemplating whether a permanent deprivation of his firearm rights under 18 U.S.C. § 922(g)(4) is constitutional. See Gov. Reply at 6 (docket no. 32); see also Answer at 5 (docket no. 7) (asserting mootness as an affirmative defense). Mai has doubted whether the proposed rule would provide him relief and "there is no guarantee that Mr. Mai will have his rights restored if he petitions under the statute." See Mai Reply at 8 (docket no. 31).

On August 17, 2026, the Attorney General announced the final rule submitted to the Office of the Federal Register that withdraws the delegation of authority to the Bureau of Alcohol, Tobacco, and Firearms to administer § 925(c). See Press Release, U.S. Dep't of Just., Attorney General Blanche Launches New Process to Restore Federal Firearm Rights (August 17, 2026), https://www.justice.gov/opa/pr/attorney-general-blanche-launches-new-process-restore-federal-firearm-rights. Mai appears eligible to apply for relief pursuant to this new rule. See 28 C.F.R. § 107.60(a) (effective September 21, 2026) ("Applicants currently subject to the disability in 18 U.S.C. § 922(g)(4) are eligible to apply for relief under this part.").

On or before Friday, September 11, 2026, the parties shall file supplemental briefs that address the following:

(a) Whether Plaintiff's disarmament pursuant to § 922(g)(4) may not be permanent because he can now apply for relief pursuant to § 925(c); and

(b) Whether the Court should dismiss as moot Plaintiff's claim without prejudice because the Court should adhere to the "longstanding principle of judicial restraint" requiring courts to "avoid reaching constitutional questions in advance of the necessity of deciding them." Camreta v. Greene, 563 U.S. 692, 705 (2011) (quoting Lyng v. Nw. Indian Cemetery Protective Ass'n, 485 U.S. 439, 445 (1988)).

The parties' briefs shall not exceed ten (10) pages in length. No reply briefs shall be filed unless requested by the Court. The Court RENOTES the pending motions, docket nos. 20 & 26, to September 11, 2026.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 2nd day of September, 2026.

Joshua C. Lewis
Clerk

s/Grant Cogswell
Deputy Clerk